UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MANETIRONY CLERVRAIN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:21-cv-02918-TWP-DLP |
| ) | No. 1:21-mc-95-TWP |
| ) | |
| JAMIE DIMON, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER STRIKING DOCUMENTS AND DIRECTING CLERK TO OPEN MISCELLANEOUS CASE**

Manetirony Clervrain ("Plaintiff") is a restricted filer in in this Court due to his vexatious and excessive litigation.[1] Specifically, on June 30, 2021, Judge Jane Magnus-Stinson banned Plaintiff from filing new papers in this Court, with the exception of papers in criminal cases, habeas corpus actions, and a notice of appeal in the case that generated the filing ban. *See Clervrain v. Lawson*, No. 1:20-cv-01306-JMS-DML (S.D. Ind. June 30, 2021). The Court ordered that any papers were to be returned to Plaintiff unfiled. Plaintiff then filed a notice of appeal. Judge Magnus-Stinson denied Plaintiff's motion to proceed on appeal *in forma pauperis*, and the Seventh Circuit followed suit, stating "[t]he appellant has not made a potentially meritorious argument that the district court erred in denying his postjudgment motions or in ordering the clerk to return his papers unfiled." Order, No. 21-2258 (7th Cir. Dec. 13, 2021).

Plaintiff now seeks to litigate a new action in this Court which falls squarely within the filing restriction. Therefore, Plaintiff's Complaint and motion to proceed *in forma pauperis* (Filing

---

[1] A PACER search reveals that in the last four years, **Plaintiff has filed 216 federal cases**, including cases in all thirteen Courts of Appeals and countless District Courts.

Nos. 1 and 2) were improvidently docketed. Accordingly, the Clerk is directed to **STRIKE** from the docket and return unfiled Plaintiff's documents. The Clerk shall mark as **VOID** any file stamps applied during the filing process. The Court's Notice of Deficiency and Order Directing Further Action (Filing No. 4) is **VACATED**. All future submission in this case and others shall be handled as this order directs.

To reduce the burden Plaintiff's filings place on Court operations, the Clerk is directed as follows:

1. The Clerk shall open a miscellaneous case with the general title "In re Manetriony Clervrain." A copy of this Order shall be docketed in the miscellaneous case.

2. When Mr. Clervrain, whether using that name or some other name, proffers a new document for filing, he must include a separate motion seeking leave to file the document notwithstanding this Order. The Clerk or his designated deputy shall accept the papers, stamp them "received" (rather than "filed") and docket them as a "submission" in the miscellaneous case.

3. The Court will examine any documents tendered by Mr. Clervrain and determine whether they should be filed.

4. If the Court enters an order granting leave to file the materials, the Clerk shall cause the materials to be processed in accord with the order which is issued.

5. Mr. Clervrain may seek modification or rescission of this Order after two years from the date of the Order.

6. This Order may be modified as the requirements of equity may demand.

Nothing in this Order shall be construed to restrict in any way the powers of a Judge under the Local Rules or the Federal Rules of Civil Procedure, or a Judge's inherent power to manage litigation before him or her.

**SO ORDERED.**

Date: 12/27/2021

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

MANETIRONY CLERVRAIN
4326 S. Scatterfield Rd.
Suite 153
Anderson, IN 46013