# UNITED STATE COURT OF APPEAL
## FOR THE SEVENTH CIRCUIT

**FILED**

01/27/2022

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

MANETIRONY CLERVRAIN                )
                                    )
              Plaintiff(s)          )        1:21-cv-2918-TWP-DLP
                                    )
       v.                           )
                                    )        U.S.C.A. – 7th Circuit
                                    )        Case No; 22-01077 R E C E I V E D
JAMIE DIMON, et al…                 )
                                    )        JAN 2 7 2022  LEJ
              Defendant(s)          )
                                    )

---

## MOTION FOR MITIGATING *FINANCIAL BURDEN* OR ("*IFP*") CONSTITUTIONAL ISSUES BY MASSIVE ISSUES ["*RIGHT AGGRAVATED*"] TREATMENT ACT

| Affidavit in Support of Motion | Instructions |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.) | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number. |
| Signed: **S/ Manetirony Clervrain** | Date: 06/09/2021 |

My issues on appeal are: As mentioned before, the plaintiff is challenging the Criminal

Enterprise by means of illegal laws for which the courts alleged that the plaintiff was frivolous

without proper justification or the Second question before the courts is if whether there is, in fact

statutory damages within the alleged controversial claims against each of the defendants in their

own jurisdiction by the same cause of ["*Unreasonable Classification*"] or ["*class of one*"] in

1

removal procedures o if whether the statutory ["***ambiguities"***] are tacitly codified into the various laws or int eh interaction between the special rules against ["***Mass Deporation***"] ["***Mass Incarceration***"] or ["***Manipulating Market***"] or the if whether or the dream of ["***Dr.King***"] has not been developed yet for the defendants to perform their duties as required by laws or for the courts to compel the administrative records before the plaintiff is challenging the courts illegal findings or facial attack or to hear ["***Nationwide issues***"], that the defendants failure is the proximate cause of the plaintiff injuries in facts or for General damages can not be disregarded by unjust or quasi judicial practice or if the courts has failed to address the claims under ("MOCMA") and ("DITFA") against the defendants for Rico charges or It is unlawful for anyone employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt. 18 U.S.C.A. § 1962(c) (West 1984). Thus, the complaint did not have to mentioned ["***Michael Pompeo***""] nor conspiracy claims required him to alleged any basis upon which to conclude venue lied in the courts for controversy or the courts failed to evaluate the claims for proper venue and abused its discretion when alleged failure to state claimed upon relief can be granted. ["28 U.S.C. § 1343"]. The Racketeer Influenced and Corrupt Organization Act (RICO) was passed by Congress with the declared purpose of seeking to eradicate organized crime in the United States. *Russello v. United States*, 464 U.S. 16, 26-27, 104 S. Ct. 296, 302-303, 78 L. Ed. 2d 17 (1983). As such the Complaint

filed in these cases across the country and in *Clervrain v. Schimel*, No. 4:20-cv-00538-SRC (E.D.

Mo. 2020), or they are mostly comprehensible, coherent, and relevant. For example, in his

182-page [""*Motion for ['Unreasonable Classification'] by Compelling and Performance*

*Movements on Crimes Mitigating Act*"] ('MOCMA'). As to the question of proper venue or if the

courts failed to correct its docket information can not be for the same purposes, or punishment

against the plaintiff who is in illegal removal procedures because of his activism movement, of

course venue is proper in all of the cases for controversy claims for any courts within their

jurisdiction to hear the constitutional claims being alleged against the defendants for their

performance, that is because the defense is obvious from its face of the notice, or as factual

allegations from the records which is required to be developed by compelling Needs, or

intervention for [" *cancellation of removal* "] or among other things, such that Congress delegated

authority to the agencies to fill a statutory gap [t]here is absolutely ambiguity in the plain reading

of the statutes; or more expansive view holds that in order to be found guilty of violating the RICO

statute, the government must prove beyond a reasonable doubt: (1) that an enterprise existed; (2)

that the enterprise affected interstate commerce; (3) that the defendant was associated with or

employed by the enterprise; (4) that the defendant engaged in a pattern of racketeering activity;

and (5) that the defendant conducted or participated in the conduct of the enterprise through that

pattern of racketeering activity through the commission of at least two acts of racketeering activity

as set forth in the indictment. *United States v. Phillips*, 664 F. 2d 971, 1011 (5th Cir. Unit B Dec.

1981). As mentioned by the court, under Doc. 12 at 27. The plaintiff's prayer for relief spans seven

pages, and seeks relief for claims against Crimes of apartheid, genocide, crimes against humanity,

torture, cancer, and extortion. Doc. 12 at 175-77. as the courts failed to compel the administrative

records but preferred to alleged that his other motions are similarly ["*incomprehensible*"] and span

110 pages. *See* docs. 13-15. For the sake of ["***brevity***"] or ["***injustice***"] or manifest injustice or

abuse of discretion by failure to include quotations from these motions filed across the country as

evidence for quasi Judicial, and those arguments in these motions have strong relation to the

grounds on which theses can be granted or for additional reliefs or General damages or within the

giving well pleading and explanation to decipher the ambiguities for the courts, would find the

interest of justice to entertain his claims by compelling the courts for their actions sua sponte

against the "enterprise" is defined as including any individual, partnership, corporation,

association, or other legal entity, and any union or group of individuals associated in fact although

not a legal entity. 18 U.S.C.A. § 1961(4) (West 1984). Many courts have noted that Congress

mandated a liberal construction of the RICO statute in order to effectuate its remedial purposes by

holding that the term "enterprise" has an expansive statutory definition. *United States v. Delano,*

825 F. Supp. 534, 538-39 (W.D.N.Y. 1993). As the courts have a pattern of failure to liberally

construing the arguments in plaintiff's self-represented motions, the Court assumes plaintiff has

filed these motions in an attempt to alter or amend the judgment in this closed cases for

["Mandamus reliefs], which is not subject Under Federal Rule of Civil Procedure 59(e), a court

may alter or amend a judgment upon a motion filed no later than 28 days after entry of the

judgment. Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately

following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982).That

is if the courts can prove by clear and convincing evidence that the defendants restriction was not

the proximate cause if that exist was failed to filed a notice of Appeals for additional development

needs or violation of his his first amendment rights or the courts to response each of the motions

filed, or Rule 60(b) motions are not limited, moreover, to correcting "manifest errors of law or fact

or to present newly discovered evidence. Such motions can be used to introduce new evidence,

tender new legal theories, or raise arguments that could have been offered or raised prior to entry

of judgment by compelling facts as part of the controversies claims, Furthermore, district courts

have broad discretion in determining whether to grant a Rule 59(e), but not int he circumstances of

the plaintiff constitutional violations or right to litigate without restriction or for the court to

correct his docket information by listed all of the defendants before amending for additional claims

or for additional damages, as this Court found in *Clervrain v. Schimel*, No. 4:20-CV-538-SRC,

Doc. 22 (E.D. Mo. Oct. 23, 2020), or by alleged the various stipulations of abused the judicial

process of this Court and has wasted the Court's limited resources by filing hundreds of pages of

repetitious and frivolous post-judgment motions, and those allegation are evidence of failure to

perform its duty that is because the courts have to proved conflict of interest, or bias, and failed to

state any claim upon relief can be granted is not applicable when the alleged ambiguities are

substantial for review by the agencies, and for Majority opinion on those claims, and each of the

cases across the country against the defendants who are state , federal officials and intervenors for

publication against secretive crimes or conspiracy or by remanded the cases or by compelling the

courts that has excluded the plaintiff under the ("PLRA") or Electronic filling because he is not

admitted as Attorney should declared as it s unconstitutional or class of one against the activist

who can prove his competency as being alleged under ["DIFTA"] to litigate without additional

restriction because of his status as ["*Pro-se*"] or for further orders that certificate of appealability

shall issue for the same purpose of the interest of justice against illegal restriction by the courts

against his movement or to prove by evidence how does the plaintiff is wasting of the Court's

resources if it failed to respond any motions filed, the Courts must be prohibit from restricted

plaintiff from filing any future documents or motions in those cases that were illegally closed by

injustice, except for a notice of jollifications or for the courts to release the administrative record

that include all motions filed before amending the controversies or to direct the clerk of the courts

to perform its duty by filling motions filed by the plaintiff for the purposes of quotation or while

both courts should have jurisdiction on those claims, or When a ("RICO") action is brought before

continuity can be established, then liability depends on whether the threat of continuity is

demonstrated. *Id.* However, ["*Judge Scalia*"] wrote in his concurring opinion that it would be

absurd to say that "at least a few months of racketeering activity. . .is generally for free, as far as

("RICO") is concerned." *Id.* at 254, 109 S. Ct. at 2908. Therefore, if the predicate acts involve a

distinct threat of long-term racketeering activity, either implicit or explicit, a RICO pattern is

established, The RICO statute expressly states that it is unlawful for any person to conspire to

violate any of the subsections of 18 U.S.C.A. § 1962. The government need not prove that the

defendants agreed with every other conspirators, knew all of the other conspirators, or had full

knowledge of all the details of the conspiracy. *Delano*, 825 F. Supp. at 542. All that must be shown

is: (1) that the defendants agreed to commit the substantive racketeering offense through agreeing

to participate in two racketeering acts; (2) that he knew the general status of the conspiracy; and (3)

that he knew the conspiracy extended beyond his individual role. *United States v. Rastelli*, 870 F.

2d 822, 828 (2d Cir.).Accordingly, the Court denies Plaintiff's (1) [""*Motion for ['Unreasonable*

*Classification'] by Compelling and Performance Movements on Crimes Mitigating Act*"]

('MOCMA')," (2) ["*Motion for Marshal Service Against Unreasonable Restrictions by the Vacatur*

*Illegal Contract(s) Massive Act*"] ('VICMA')," (3) ["*Motion for Unreasonable ['Time Frame'] and*

*to Litigate as Related Matter by the Grievous Educative Control Privacy Act*"] ('GECPA')," and (4)

[""*Motion for Examining Jurisdiction by the Majority Opinion as related Matters by the ANT*

*Generally Act*"] ('TAGA')." Docs. 12-15. To the extent necessary to decision and when presented,

the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory

provisions, and determine the meaning or applicability of the terms of an agencies actions or the

court shall review the whole record or those parts of it cited by a party, and due account shall be

taken of the rule of prejudicial error. *Navajo Nation v. Department of the Interior*, No. 14-16864

(9th Cir. 2017). The panel held that the broad waiver of sovereign immunity found in § 702 of the

Administrative Procedure Act ("APA") waived sovereign immunity for all non-monetary claims,

or for which the courts also failed to evaluated the damages by the defendants action or inaction for

the alleged conspiracy Further, not one of the ("CCPA")'s opinions actually uses the words "clear

error" or "clearly erroneous," which are terms of art signaling court/court review. Most of them use

"manifest error," which is not now such a term of art. At the same time, this Court's precedent

undermines the claim that "clearly wrong" or "manifest error" signal court review. Although the

Court in _Morgan v. Daniel_s, 153 U. S. 120, used language that could be read as setting forth a

court/court standard, the Court's reasoning makes clear that it meant its words to stand for the

agency standard. 142 F.3d - ["_Volume 142 of the Federal Reporter, 3rd Series_"]. As the plaintiff

previously alleged laws or their guidance constituted an unlawfully promulgated substantive rule and

sought to enjoin their enforcement for a declaration per the Declaratory Judgment Act ("DJA") that it could

lawfully exclude activist and permanent resident from from reliefs after committed their first offense that is

not violent. The district court dismissed for want of jurisdiction, but a different panel of this court must

reversed. _Texas v. EEOC_ (Texas I), 827 F.3d 372 (5th Cir. 2016). That panel, however, withdrew its

opinion and remanded so the district court could apply _United States Army Corps of Engineers v. Hawkes_

_Co.,_ 136 S. Ct. 1807 (2016). The law being challenged,or policies gives rise to disparate impact

liability, on the contrary, "[t]o prove discrimination under this theory, a plaintiff must identify [the]

challenge[d][] facially-neutral practice, demonstrate a disparate impact upon the group to which

he or she belongs, and prove causation." *Lewis v. Aerospace Community Credit Union*, 114 F.3d

745, 750 (8th Cir. 1997) In *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 113 S. Ct. 1701, 123 L. Ed.

2d 338 (1993), the Supreme Court went out of its way to note that it had never decided whether

claims of disparate impact were cognizable under the ADEA. The *Hazen Paper* decision spawned

numerous challenges to the validity of disparate impact claims in the age discrimination arena.

While several Circuits have since expressed doubts on the issue,[1] the Eighth Circuit has

steadfastly adhered to its pre-*Hazen* precedents recognizing the viability of disparate impact

claims under the ADEA. *Lewis*, 114 F.3d at 750; *Smith v. City of Des Moines*, 99 F.3d 1466,

1469-70 (8th Cir.1996). If Whether such claims are valid for subgroups of the protected class,

however, has never been addressed, for which the plaintiff is filling this notice of appeals in

conjunction with constitution of the United States against the defendants failure to act or as  to

protect the various innocent individuals against unjust that must develop under ("DIFTA") or

those claims are premature or to protect future illegal detention by privatization is matter for the

courts to consider those facts upon relief can be granted or by protected for cancellation of removal

against that are challenged bureaucracy or decisions based upon these factors may later become

suspect due to an unanticipated and unintended disparate impact, and this is particularly so because

a *prima facie* case of disparate impact is based almost exclusively upon statistical evidence for

additional findings. *See Leftwich v. Harris-Stowe State College,* 702 F.2d 686, 690 (8th Cir.1983).

The above-named parties appeals from the Illegal Judgments by the agencies actions against the various illegal laws in the United States states District Courts that was entered after the plaintiff release from illegal detention or for additional Opinion or for invoking conspiracy claims is within this ["***Motions for Consideration or Compelling Need(s) Or Controversies to Litigate by Invoking the Ant(s) Duty Mitigating Act"]*** (*"TADMA"*) or for remanded the cases to file to district courts or against the various criminals or for intervention rights pending appeals procedures upon relief can be granted, that include the following defendants for conspiracy allegations, ["18-CV-03040-SAC"] in the District of Kansas, and for the Enactment of the ["***Victim Aggravated Scheme Act***"] ("VASPA"); and in the district of Minnesota [19-CV-00965-MV]; or for the ["***General Assumption Victim Prohibition Act***"] ("GAVPA"); and, in the District of North California,[" 19-CV-02119"] and for the ["***Monetary Offenses Convincing Guideline Act***"] ("MOCGA"); in the District of the Eastern district of Kentucky ["19-CV-00019"] or for the Enactment of the ["***Driving Under The Influence Scheme Act***"] ( "DUTISA"); and in the Southern District of New-York, ["19-CV-3625"], and for the ["***Classification Unjust Mandatory Reliefs Act***"] ("CUMRA"); in the Eastern District of Wisconsin ["19-CV-00503"], or for the ["***Prohibition Illegal Massive Detention Act***"] ("PIMDA"), and in the District of North Carolina ["19-CT-03056"], or for the ["***Classification Exclusive Strikes Guidance Act***"] ("GESGA"), and in the District of Massachusetts ["19-CV-10371"] or for ["***Fraud Offenders Training Step Act***"] ("FOTSA"), or in the district of

10

Connecticut ["19-CV-00023"] or for the ["***Fraud Educative Family Rehabilitation Act***"]

("FEFRA"); in the District of Northern District of Florida ["19-CV-00099"] or for the ["***Fraud***

***Under Victim Scheme Act***"] ("FUVSA"); In the District of Maryland ["19-CV-00805"];  and for

the ["***Informative Reform Comprehensive Act***"]; ("IRCA") and in the District of Colorado

["19-CV-00695"] or for the ["***Right Aggravation Provision Act***"] ("RAPA")  or against the

Executive Branch [ "18-CV-03039"] in the District of Kansas, or for another, we believe

that Congress would have authorized a mandatory system in some cases and a mandatory system

in others, given the administrative complexities that such a system would create, or Such a

two-system proposal seems likely to further Congress' basic objective of promoting uniformity by

promoting justice within the ["***Nations Union Development Academic Treaties Act***"]

("NUDATA") or in conjunction with the ["***Universal Nationality Character Act***"] ( "UNCA") the

Department of States ("DOS") in the in the eastern district of Missouri ["20-CV-00555-SRC"] for

its performance, including the mitigating restriction on  his filling his motions or for remanded the

cases while appeal courts are developing the claims against facials attacks, or illegal restrictions on

his legal obligation while detained by ("ICE") by illegal contract at the Moore Detention Center in

Okmulgee, Oklahoma. Thus, he is required to file a certified prison trust fund statement along with

his motions, which he  did not failed to do, while, as discussed below, the plaintiff is challenging

the ("INA")  into the substantive ("APA") claim, or as additional  challenge this decision against

the state officials as "fundamentally unfair," in violation of the Due Process Clause of the Fifth

Amendment, or questioning ("DACA") as clearly the law is unconstitutional, that is including the

words ["***under God***""] in the text of the Pledge actually fosters divisiveness, or the ("INA") is

conflicting with  4 U.S.C. § 4 which provides that:  Section 4 - Pledge of allegiance to the flag;

manner of delivery

> *The Pledge of Allegiance to the Flag: "I pledge allegiance to the Flag of the United States of America, and to the Republic for which it stands, one Nation under God, indivisible, with liberty and justice for all.", should be rendered by standing at attention facing the flag with the right hand over the heart. When not in uniform men should remove any non-religious headdress with their right hand and hold it at the left shoulder, the hand being over the heart. Persons in uniform should remain silent, face the flag, and render the military salute. Members of the Armed Forces not in uniform and veterans may render the military salute in the manner provided for persons in uniform.*

By having "made repeated affirmative statements about the protections that would be given

to the personal information provided by declaring that  ("DACA") is clearly unconstitutional " and

placed affirmative restrictions on the use of such information for purposes of immigration

enforcement of the ["***National Arrival Children Character Act***"] ("NACCA"), and these refers to

this claim in conjunction ("DIFTA"), *together with Plaintiffs' constitutional* information-use

policy claims, as the plaintiffs' "information-use policy claims. ("APA")—Arbitrary and

Capricious, as well for for question the district courts in Colorado, why its delaying the appeal

procedures, or interfering the various question to the agencies, or for changing the Illegal laws

regarding the use of illegal restrictions, normally, the courts should considered the exceptional

circumstances after release from ["***Tortured***"] and ["***Kidnapping***"], and should  grant him

reasonable time frame after compelling the administrative records or  days to file an amended

motions that complies with the rules set out above. Moreover, plaintiff is not prohibited from

applying to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g) because the fifth circuit has

involved in administrative Crimes, or quasi judicial by failure to follow the rules or classified him

as he has filed at least three prior meritless or without justification for controversy cases before the

federal courts. *See Clervrain v. Coraway*, 786 F. App'x 1 (5th Cir. 2019) (unpublished), stating:

> That section states:
>
> > *In no event shall a prisoner bring a civil action or appeal a judgment in a civil action*
> > *or proceeding under this section if the prisoner has, on 3 or more prior occasions, while*
> > *incarcerated or detained in any facility, brought an action or appeal in a court of the United*
> > *States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim*
> > *upon which relief may be granted, unless the prisoner is under imminent danger of serious*
> > *physical injury.*

Here, Clervrain has shown that the district court erred in dismissal of his claims is subject

to review under the ("APA") as matter of laws for applying ("JERLA") or to allow him to litigate

by electronic filling ("ECF") without further additional expenses or financial burden of Mailing

Motions or for serving the defendants, or to compel the various courts ,In addition, ***Clervrain*** has

not accumulated at least one other strike, but a victim of the defendants illegal contracts, or for

compelling the administrative records, *See Clervrain v. Stone*, No. CV 318-028, 2018 WL

3939323, 1 (S.D. Ga. Aug. 16, 2018) (unpublished) or to justified the courts failure to publish their

findings, finally, I note that plaintiff's complaint does include a clear statement of the claims

(*see* Fed. R. Civ. P. 8(a)(2)). Additionally, it seems as though he is attempting to litigate issues previously decided by other courts for controversy claims or for compelling needs or for compelling the physical injuries while he was in custody for the ("agencies") will justified the failure by the courts to compel the administrative records could have been the proximate cause of the alleged violations, or that is without the evaluation of the pattern of misconducts for his restriction to legal mail will rebut any finding by the courts allegations or for promoting justice , If the appeal is from an *order*, which briefly explain, or invoking of the District Court's decision in the orders as part of the development strategy as part of the Administrative branch investigations, and for the courts to release the administrative records without additional fees or ["***Pacer Fees***"] or to challenged the various courts for the alleged claimed against them by mitigating bureaucracy or If Section 1361 grants the district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." On appeal, we consider de novo whether Petitioner established the legal prerequisites for mandamus relief against the defendants actions *Azurin v. Von Raab*, 803 F.2d 993, 995 (9th Cir. 1986). Indeed, seeking a writ of mandamus against the officials, should have brought an action in federal court pursuant to 42 U.S.C.1983. As well as Bivens Actions alleging deprivation of federal constitutional rights, or should have sought a writ of mandamus against the defendants in every states or federal courts of the United States for ["***Mass Deporation***"] and ["***Incarceration***"] is matter for public Interest for applying Article III of the

14

Constitution, federal courts may resolve only actual cases or controversies. U.S. Const. art. III, § 2.

If a party "has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution

of that controversy, ..." it has standing to sue. *Sierra Club v. Morton,* 405 U.S. 727, 731-32, 92 S.

Ct. 1361, 1364-65, 31 L. Ed. 2d 636 (1972). This requirement of a "personal stake" in the outcome

of the controversy aids the court by assuring the "concrete adverseness which sharpens the

presentation of issues upon which the court so largely depends for illumination of difficult

constitutional questions." *Larson v. Valente,* 456 U.S. 228, 238-39, 102 S. Ct. 1673, 1680-81, 72 L.

Ed. 2d 33 (1982). Nevertheless, experience in this Court and the lower federal courts has pointed

out the rigid by the procedure's shortcomings. For example, it may result in a substantial

expenditure of the judicial resources on difficult questions that have effective effect on the case's

outcome, and by delaying the procedures, and resources, if the courts failed to provide an indigent

individual access to ["***Electronic Case Filling***"] ("ECF") , or by forcing additional restriction for

the same purpose for additional burden, or to assume the costs of litigating, constitutional

questions and endure delays attributable to resolving those questions when the suit otherwise

could be disposed of more readily. *Ruhrgas AG v. Marathon Oil Co*. 526 U.S. 574 (1999).

Moreover, although the procedure's first prong is intended to further the development

of constitutional precedent, opinions following that procedure often to make a meaningful

contribution to such development, some draft questions and answers, some preliminary

identification of advocates and opponents of development, and potential legislative initiatives

Further, if , or when qualified immunity is asserted at the pleading stage, which is not required in the cases of controversies, the answer to whether there was a violation may depend on a controversies, and the ambiguities as a matter of  of facts not yet fully developed. *MacDonald*, 477 U.S. at 359, and the first step may create a risk of bad decision making, as where the briefing of constitutional questions is woefully inadequate. ***Reed v. McBride*** 178 F.3d 849, 854 (7th Cir. 1999). The rule also may make it hard for affected parties to obtain appellate review of constitutional decisions having a serious prospective effect on their operations, For example, where the court failed to evaluate the evidence that defendant has committed a constitutional violation, or anticipating serious crimes by means of illegal activities, but then holds that the violation was not clearly established against  the defendant who are the various politicians, as the winning parties, may have his right to appeal the adverse constitutional holding challenged, or under the circumstances, the challenged action 'might be considered sound  for trial litigation *A Moore's Federal Practice* § 8.13, at 8-58 (noting that Rule 8 compliance allows a defendant to answer the complaint, and that Rule 8 prevents problems with conducting pretrial discovery, formulating pretrial orders, and applying res judicata) *see also Michaelis v. Nebraska State Bar Assoc.*, 717 F.2d 437, 439 (8th Cir. 1983). As such the ("RICO") claims,, often state that the complexity of the ("RICO") statute somehow exempts ("RICO") complaints from the strictures of Rule 8, that is because from these cases, as much at oral argument are so  required for

the development stages. Moreover, the case law is clear that, although RICO complaints often

might need to be somewhat longer than many complaints, RICO complaints must meet the

requirements of Rule 8(a)(2) and Rule 8(e)(1). *See, e.g., Hartz v. Friedman*, 919 F.2d 469,

471 (7th Cir. 1990). Under the Rule, Fed.R.Civ.P. 8(e)(1). " Taken together [these two

requirements] underscore the emphasis placed on clarity and brevity by the federal

pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir.1996) (quoting 5 *Wright*

*& Miller Federal Practice and Procedure*: Civil 2d § 1217, 169 (1990 & Supp.1999)), see also

*Vicom v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir.1994) (stating that " [t]he

primary purpose of [Rule 8(a)(2) and Rule 8(e)(1)] is rooted in fair notice" ). To this end, " [t]he

evidentiary material supporting the general statements contemplated by Rule 8(e)(1)] normally

should not be set out in the pleadings but rather should be left to be brought to light during the

discovery process. *Sefton v. Jew* 204 F.R.D. 104, 108 (W.D. Tex. 2000). Although this protection

operates to restrict state power, it "must be seen as ultimately a function of the individual liberty

interest preserved by the Due Process Clause" rather than as a function "of federalism

concerns." *Insurance Corp. of Ireland* v. *Compagnie des Bauxites de Guinee*, 456 U.S. 694,

702-703, n. 10 (1982).Where as the plaintiff invoked the various  forum seeks to assert specific

jurisdiction over an out-of-state defendants who has not consented to suit there, this "fair warning"

requirement is satisfied if the defendant has "purposefully directed" his activities at residents of the

forum without further restrictions. *Keeton* v. *Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984).

1.  *For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.*

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 0.00 | $ 2320.00 | $ 0.00 | $ 2320.00 |
| Self-employment | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Income from real property (such as rental income) | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Interest and dividends | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Gifts | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Alimony | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Child support | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Retirement (such as social security, pensions, annuities, insurance) | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Disability (such as social security, insurance payments) | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Unemployment payments | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Public-assistance (such as welfare) | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Other (specify): | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| **Total monthly income:** | **$ 0.00** | **$ 2320** | **$ 0.00** | **$ 2320** |

2.  *List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| N/A | N/A | N/A | $ 0.00 |

| | | | $ |
|---|---|---|---|
| | | | $ |

3. *List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| Professional Mgt | Indiana | Present | $2320.00 |
| Liberty Christian School | Indiana | Former | $ 1600.00 |
| | | | $ |

4. *How much cash do you and your spouse have? $ 0.00*

*Below, state any money you or your spouse have in bank accounts or in any other financial institution.*

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| Old National Bank | Checking Account | $ Joint Account | $ 530.00 |
| Old National Bank | Checking Account | $ Joint Account | $ 470.00 |
| | | $ | $ |

*If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.*

5. *List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.*

| Home | Other real estate | Motor vehicle #1 |
|---|---|---|
| (Value) $ | (Value) $ | (Value) $ 9000.00 |
| N/A | N/A | Make and year: Honda |

|  |  | Model: Odyssey |
|  |  | Registration #:972RDT |

| Motor vehicle #2 | Other assets | Other assets |
|---|---|---|
| (Value) $ | (Value) $ | (Value) $ |
| Make and year: |  |  |
| Model: |  |  |
| Registration #: |  |  |

6.  *State every person, business, or organization owing you or your spouse money, and the amount owed.*

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| N/A | $ N/A | $ N/A |
|  | $ | $ |
|  | $ | $ |
|  | $ | $ |

7.  *State the persons who rely on you or your spouse for support.*

| Name [or, if under 18, initials only] | Relationship | Age |
|---|---|---|
| S.Clervrain | Daughter | 17 |
| M.Clervrain | Daughter | 16 |
| M.Clervrain | Son | 12 |

8.  *Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

|  | You | Your Spouse |
|---|---|---|

| | | |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) <br>     Are real estate taxes included?    [x ] Yes  [ ] No <br>     Is property insurance included?    [ x] Yes  [ ] No | $ <br><br> 0.00 | $ <br><br> 600.00 |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 0.00 | $ 499.37 |
| Home maintenance (repairs and upkeep) | $ 0.00 | $  0.00 |
| Food | $ 0.00 | $ 500.00 |
| Clothing | $ 0.00 | $ 500.00 |
| Laundry and dry-cleaning | $ 0.00 | $ 57.80 |
| Medical and dental expenses | $ 0.00 | $ 7.50 |
| Transportation (not including motor vehicle payments) | $ 0.00 | $ 200.00 |
| Recreation, entertainment, newspapers, magazines, etc. | $ 0.00 | $ 9.00 |
| Insurance (not deducted from wages or included in mortgage payments) | | |
|     Homeowner's or renter's: | $ 0.00 | $ 0.00 |
|     Life: | $ 0.00 | $ 0.00 |
|     Health: | $ 0.00 | $ 7.50 |
|     Motor vehicle: | $ 0.00 | $ 168.00 |
|     Other: | $ 0.00 | $ 0.00 |
| Taxes (not deducted from wages or included in mortgage payments) (specify): | $ 0.00 | $ 0.00 |
| Installment payments | | |
|     Motor Vehicle: | $ 0.00 | $  181.00 |
|     Credit card (name): American Express | $ 0.00 | $ 40.00 |
|     Department store (name): Victoria Secret | $ 0.00 | $ 35.00 |
|     Other: | $ 0.00 | $  0.00 |
| Alimony, maintenance, and support paid to others | $ 0.00 | $  0.00 |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) (Tax return fees) | $ 0.00 | 10.00 |
| Other (specify): | $ 0.00 | $ |
| **Total monthly expenses:** | **$ 0.00** | **$ 2797.07** |

9.  *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*

    [ ] Yes [ x ] No                        If yes, describe on an attached sheet.

10. *Have you spent — or will you be spending — any money for expenses or attorney fees in connection with this lawsuit?* [ ] Yes [x ] No

    *If yes, how much?* $ _____

11. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*

    As mentioned before Under ("DIFTA") or which the plaintiff is qualified under the poverty guideline as the family is suffered for undue financial circumstances after years of ["**_Tortured_**"], ["**_kidnapped_**"], and ["**_Extortion_**"], or ["**_imminent danger_**"] if the Eighth Circuit has explained that the imminent danger exception to section 1915(g) applies only if the prisoner alleges that he is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." _Ashley v. Dilworth_, 147 F.3d 715, 717 (8th Cir. 1998). As discussed more fully below, Plaintiff has not alleged that he is in any danger, much less imminent danger, at the time he filed this suit, furthermore, we asking the courts if the plaintiff is continuing suffered even after the criminal misconducts are not sufficient, then the ("PLRA") is questionable with the same constitutional challenged for restricted ["**_deportable Aliens_**"] while being detained by means mental dysfunction or if the claims must be applied against the

defendants action while in illegal detention and incarceration or their failure to act in good faith

against the ambiguities is evidence for Genocide , those allegation are serious Criminal

misconducts which the courts might have compel his Medical Records for each of the institution

regardless of the agencies or for additional evidence for physical injuries as required by the

("PLRA") or the several courts have failed to perform their duty against widespread criminal

enterprise, for that reason justice is so required., and the plaintiff is asking  the courts to apply the

poverty guideline when evaluate this family circumstantial after years of illegal detention or

mental abused. *Calderon-Rodriguez v. Sessions*, No. 16-70225 (9th Cir. 2018). Specifically, the

panel concluded that the IJ did not adequately ensure that the Department of Homeland Security

complied with its obligation to provide the court with relevant materials in its possession that

would inform the court about Calderon's mental competency in Matter of M-A-M-, 25 I. & N. Dec.

474 (BIA 2011). The plaintiff applied for cancellation of removal and several other forms of relief

against the defendants exposure to serious Criminal Misconducts, The Immigration and

NationalityAct ("INA") requires that,"[i]f it is impracticable by reason of an alien's mental

incompetency for the alien to be present at the proceeding, the Attorney General shall prescribe

safeguards to protect the rights and privileges of the alien," 8 U.S.C. § 1229a(b)(3)(INA §

240(b)(3)). Several regulations flesh out these"safeguards." See8 C.F.R. §§ 103.8(c)(2)(ii),

1240.4,1240.10(c). But neither the INA nor the regulations specify how to decide whether an

individual is incompetent, or how to proceed if an individual is incompetent but it is not

impracticable for him or her to be present.In Matter of M-A-M-, 25 I&NDec. 474 (BIA 2011), the

BIA filled in some of the gaps in the (INA"). The general due process principles for assuring

competence in criminal proceedings, as articulated in _Drope v. Missouri_, 420 U.S. 162, 171 (1975),

as well as on INA-provided rights to be represented and present evidence, the BIA established

that:[T]he test for determining whether an alien is competent to participate in immigration

proceedings is whether he or she has a rational and factual understanding of the nature or the

questioning to the courts if whether, or when the agencies involved in tortured or kidnapped

practice against those with evidence with permanency and additionally implicated to his mental

condition by illegal laws if the plaintiff is entitle for additional damages _Pace v. Winn-Dixie_

_Louisiana, Inc._, 339 So. 2d 856 (La.App. 1 Cir. 1976) ( awarded for psychiatric resultant of the

wrongful detention, which as an immediate consequence caused an "acute anxiety with depression

reaction, which in common terms is nervous breakdown. _Fox v. Capital Co._, 96 F.2d 684 (3d Cir.

1938). In general, where the claim is based upon a mental or nervous disease, it is viewed with the

normal suspicion attending claimed disabilities which have  physical cause traceable to objective

findings, and the burden of proof, which rests upon the claimant, is greater than ordinary cases for

the court to compel his ["**_Medical records_**"], or The evidence in the cases will reveal the

occurrence of the pattern of misconducts by the defendants negligence, accident or traumatic

experience, which did or could have caused or aggravated any physical disability to the plaintiff

and his family. ["_U.S. District Court for the District of New Jersey_**"**] - 113 F. Supp. 2d 689 (D.N.J.

24

2000). As discussed above, the Court can dismiss a claim only if "it appears beyond doubt that the

plaintiff can prove the set of facts in support of his claim which would entitle him to

relief." _Conley_, 355 U.S. at 45-46, 78 S. Ct. 99. At this early stage of the litigation, the Court is

reluctant to dispose of the plaintiff's claims until a fuller picture of the facts emerges or  he is

asking for compelling the administrative records to rebut the facts alleges or   if there some

question whether some stress disorders constitute disabilities under the (ADA), _see Gaul v. Lucent_

_Techs. Inc.,_ 134 F.3d 576, 580 n. 3 (3d Cir.1998). In contrast to the ADA's requirement that a

"disability" "substantially limit one or more of the major life activities," 42 U.S.C. § 12102(2) (A),

the NJLAD defines a "handicapped" person as one suffering from a "physical disability ... or from

any mental, psychological, or developmental disability ... which prevents the normal exercise of

any bodily or mental functions or is demonstrable, medically or psychologically, by accepted

clinical or laboratory diagnostic techniques, or unless the prisoner is under ["_imminent danger_"] of

serious physical injury, of for the courts to certify these case to the supreme court for certiorari.

_Heintz v. Jenkins_, 514 U. S. 291 . And §1915 itself describes dismissal as an action taken by a

single court, not as a sequence of events involving multiple courts. See §1915(e). _Coleman_ further

contends that the phrase "prior occasions" creates ambiguity. But nothing about that phrase

transforms a dismissal into a dismissal-plus-appellate-review. In the context of §1915(g), a "prior

occasion" merely means a previous instance in which a "prisoner" has . . . brought an action or

appeal . . . that was dismissed on" statutorily enumerated grounds, not a civil detainees. _Joseph v._

_Gonzales et al_, No. 1:2006cv00751 (E.D. Tex. 2006).The allegations set forth in the complaint do

not demonstrate that he is in "imminent danger of serious physical injury." Section 1915(g)

therefore bars petitioner from proceeding further with this lawsuit on an (IFP) basis which is

contrary to the cases for adjudicating controversy claims, or if whether the primary issue on appeal

is whether the Courts should create an exception from the entire controversy doctrine for

negligence cases, and the nature of the plaintiff's cause of action, as defining the limit of the action

as they tactfully complex dispute for consideration, Thus the entire controversy doctrine

encompasses "virtually all causes, claims, and defenses relating to a controversy or those claims

are indisputable in light of the circumstance will justified the claims against governmental

brutality of injustice . _United States v. City of Philadelphia,_ 482 F. Supp. 1248 (E.D. Pa. 1979).

Thus, considering the language of § 1983, its original purpose and the statements of the Supreme

Court concerning liability in _Monell_, I conclude that in police brutality cases against supervisory

officials § 1983 requires plaintiff to show knowledge of a past pattern of misconduct or some prior

misbehavior or some other prior act that puts the official on notice of the potential constitutional

deprivation. Since there was no showing of the knowledge element of the wrong in this case, I

would reverse and instruct the District Court to enter judgment for the supervisory police officials

in their individual and officials capacities is being questioned to the courts for  reliefs _Monell v._

_New York City Dept. of Social Services,_ 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)

## HHS Poverty Guidelines for 2021

The 2021 Health & Human Services Poverty Guidelines The following figures are the 2021 Health & Human Services (HHS) poverty guidelines published in the *Federal Register* on February 1, 2021.

| Persons in Family or Household | 48 Contiguous States and Washington, D.C. | Alaska | Hawaii |
|---|---|---|---|
| 1 | $12,880 | $16,090 | $14,820 |
| 2 | **$17,420** | **$21,770** | **$20,040** |
| 3 | $21,960 | $27,450 | $25,260 |
| 4 | $26,500 | $33,130 | $30,480 |
| 5 | $31,040 | $38,810 | $35,700 |
| 6 | $35,580 | $44,490 | $40,920 |
| 7 | $40,120 | $50,170 | $46,140 |
| 8 | $44,600 | $55,850 | $51,360 |
| For each additional person add | $4,540 | $5,680 | $5,220 |

12) *State the city and state of your legal residence. Or the plaintiff is currently residing in the state of Indiana or Anderson as the city with his family or a total of 5 individuals that had suffered or victim of extortion in removal procedures is another subject matter for compelling Immigration procedures in each states.*

*Your daytime phone number*: (_765__) 278-9806

*Your age*: ___44_    *Your years of schooling*: Competent to litigate

*Last four digits of your social-security number*:  7896

27

## **PRAYER FOR RELIEF (S)**

**WHEREFORE,** The plaintiff , [*"**Manetirony Clervrain**"*] , Who is the [*"**activist**"*] or ("***The Ant***")

prays this Honorable courts to consider these motions with generosity for compelling, and permanent

injunction or general reliefs in light of the circumstances to excluded him from the ("PLRA"), and to waiver

any [*"**Pacer fees**"*] against the defendants that are participating in criminal enterprise by means of secretive

laws, or to litigate without any further [*"**undue financial burdens**"*] and to question the agencies retaliation

that is proving with circumstantial of the evidence that the plaintiff is victim of crimes by the defendants

action and intentional restrict him to litigate by unjust restriction so that the evidence will not expose to the

public with this this motions as affidavit, because the evidence on the courts records are substantial evidence

by declaring that the [*"defendants"*] are very corrupted for which this court has additional jurisdiction for

questioning the merits on his cases for controversy within his motion that being restricted by the defendants

action or they are interfering with illegal laws for additional venue by appellate procedures on his pending

motions for consideration, see , [*"**Motion for Enforcing Power or Protective Right Act By controversies or**

**by Invoking the Universal Common Crimes Act**"*] ("UCCA") or evidence for controversy by challenging

the various illegal judgement in his cases, without justification, or proper cause, of course the plaintiff is

invoking the federal circuit courts across the country for their intervention, or that is because the restriction

he could not file his cases  and, and the motions states factual allegation,  this courts should question the

defendants for his controversy claims  for ("TRO")  related to protecting against future threats by [*"control*

*theory"*], and to compel the defendant to show cause , or until they provide the reasons that he could not

litigate his cases as indigent, or at the government expenses and if the ("agencies") illegal laws could have

been the proximate cause if his delayed after release from illegal detention or they intentionally  is

interfering with both of his legal obligation and Immigration procedures or by refusing or restricted Pro-se

litigant to ligate his rights, or  legal material against  restriction , delay the process of the controversy to

protect the public against ["*Mistreatment*"] by the (" agencies") and ("Judicial Bureaucracy") that are part of

the conspiracy or in other  word they are involved in the ["*administrative crime*"] within the meaning of

Black dictionary, in particularly if they are entitle to remand the cases to the district court for further

proceeding, or to compel them as matter of right after release from illegal detention or   inadequate law

library to litigate complex litigation  and any other reliefs the courts might find just and proper.

Respectfully submitted,

Date: _____
          01/12/2021

S/ Manetirony Clervrain
4326 S Scatterfield Road
Suite 153
Anderson, IN 46013
765-278-9806

## CERTIFICATION OF SERVICES

**THEREBY**, I [*"**Manetirony Clervrain"**]*, the Activist or [*"**THE ANT"**]* requesting for justice, and do

swear, or declare on this date, ---01-------/-----21---/---2021--------, served the enclosed [*"**Motion for**

**Mitigating Financial Burden Or Constitutional Claims by the Massive Issues Right Aggravated**

**Treatment Act"**]* ("MIRATA") on each party to the above proceeding and envelope containing the above

documents in the United States mail properly addressed to each of them and with first class postage prepaid,

or by delivery or Electronic to ("EFC"),  to a third-party commercial carrier for delivery within 3 calendar

days and the name addresses of those serve is follows;

> **United States Court of Appeals**
> **For the Seventh circuit**
> 219 S. Dearborn Street
> Room 2722
> Chicago, IL 60604

Respectfully submitted,

Date: _____

01/21/2021

_____

**S/ Manetirony Clervrain**
4326 S Scatterfield Road
Suite 153
Anderson, IN 46013
765-278-9806

30

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

January 18, 2022

| | |
|---|---|
| No. 22-1077 | MANETIRONY CLERVRAIN,<br>Plaintiff - Appellant<br><br>v.<br><br>JAMIE DIMON, et al.,<br>Defendants - Appellees |

| Originating Case Information: |
|---|
| District Court No: 1:21-cv-02918-TWP-DLP |
| Southern District of Indiana, Indianapolis Division |
| District Judge Tanya Walton Pratt |

## NOTIFICATION: NO APPELLEE(S) SERVED

The above captioned appeal was filed in this court this date. This is notification
that no appellee(s) or counsel for the appellee(s) were served in the District Court.

form name: **c7_NoAppelleeNote**    (form ID: **119**)